**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CR-0088-CVE |
| ) | (05-CV-0143-CVE-SAJ) |
| EFREM ZEMBLISH HARRIS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On March 14, 2005, defendant Efrem Zemblish Harris, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a supporting brief (Dkt. # 103). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Harris identifies the following grounds for his motion: invalidity of his sentence enhancement (Ground 4); ineffective assistance of counsel at the suppression hearing (Grounds 1 and 2);[1] ineffective assistance of counsel at the sentencing stage (Ground 5); and ineffective assistance of counsel at the appellate level (Grounds 3 and 5). Dkt. # 103, at 1b-8b. For the reasons discussed below, the Court finds the section 2255 motion should be denied.

---

[1] Defendant lists five grounds in support of his motion, but his first and second claims are both ineffective assistance of counsel at the suppression stage.

**I.**

On June 6, 2002, defendant was charged with the following counts: conspiracy in violation of 21 U.S.C. § 846; possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); distribution of in excess of 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); establishment of or maintaining a location to store, manufacture, distribute or use cocaine and or cocaine base in violation of 21 U.S.C. § 856; aiding and abetting in violation of 18 U.S.C. § 2; interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952; and criminal forfeiture in violation of 21 U.S.C. §§ 841, 846 and 853. Dkt. # 1.

The alleged conspiracy was between defendant and Clay Harrison. On November 7, 1998, police stopped Harrison and his girlfriend, Marie Alarcon, in Texas for excessive speed. In an initial conversation with police, Harrison and Alarcon stated that their destination was Oklahoma City, Oklahoma. After Alarcon consented to a search of the rental vehicle, police found approximately one hundred pounds of marijuana in the trunk. Upon the discovery, Harrison and Alarcon changed their story and told officers that they were driving to Tulsa, Oklahoma to deliver the drugs and vehicle to defendant. Records showed that the rental vehicle was rented in defendant's name. After Harrison agreed to cooperate with authorities, police monitored calls between Harrison and defendant as Harrison drove to Tulsa. Defendant instructed Harrison to drive the rental car to an apartment complex in Tulsa, where, under police surveillance, Harrison parked next to defendant's vehicle. Harrison then got into defendant's vehicle where defendant gave him money and cocaine. Police arrested defendant.

Defendant pled not guilty to all counts in the indictment. On February 13, 2003, a jury returned a verdict of guilty as to conspiracy (Count One), possession of marijuana (Count Two), and interstate travel in aid of a racketeering enterprise (Count Six). Dkt. # 56. The Court sentenced defendant to mandatory life imprisonment as to Count One, 120 months as to Count Two, and 60 months as to Count Six. Dkt. # 84. Defendant appealed, and the Tenth Circuit Court of Appeals affirmed his conviction. United States v. Harris, 369 F.3d 1157 (10th Cir. 2004). The Supreme Court denied his petition for a writ of certiorari on October 4, 2004. Harris v. United States, 125 S. Ct. 118 (2004). Defendant now seeks to have his conviction vacated, set aside, or corrected on the basis of invalidity of the sentence enhancement and ineffective assistance of counsel.

## II.

Defendant argues that his sentence enhancement is improper under the governing law (Ground 4). Dkt. # 103, at 7b-8b. According to defendant, his prior convictions were not "serious drug offenses" under the Three Strikes Statute and, thus, his sentence was improperly enhanced. See 18 U.S.C. § 3559. However, this argument was not presented to the Tenth Circuit and is procedurally barred. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th.Cir. 1994). Defendant failed to raise this claim related to sentence enhancement on direct appeal. As a result, the claim is procedurally barred unless defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. Id. The procedural default rules developed in the context of habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n.15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Defendant presents no evidence that he is actually innocent of the crimes for which he was convicted. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Defendant argues that any procedural default was due to ineffective assistance of counsel. To demonstrate ineffective assistance of counsel as "cause" to overcome the procedural bar, defendant must satisfy the standard in Strickland v. Washington, 466 U.S. 668 (1984), as discussed in section III, infra. There is no basis for this Court to find that counsel performed deficiently in failing to raise this claim on direct appeal. Defendant's reliance on the Three Strikes Statute is misplaced as defendant's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(A). Under the Three Strikes Statute, a court must sentence a person who is convicted of a serious violent felony to life imprisonment if the person has "one or more serious violent felonies and one or more serious drug offenses." 18 U.S.C. § 3559(c)(1)(A)(ii); see United States v. Gottlieb, 140 F.3d 865, 866 (10th Cir. 1998). In the enhancement information, the government relies upon defendant's prior

federal felonies, case numbers 91-CR-146-001-B and 92-CR-077-B. Dkt. # 33. Defendant argues, under section 3559, these two earlier convictions are "nonqualifying" felonies because they fall outside the statutory definition of "serious drug offenses." See Gottlieb, 140 F.3d at 874 n.13. However, the Three Strikes Statute does not impact sentencing in this case. The government moved for sentence enhancement pursuant to 21 U.S.C. § 851(a)(1), alleging eligibility for enhancement under 21 U.S.C. § 841(b).[2] The prior convictions relied on in the government's enhancement information suffice to trigger a sentencing enhancement under section 841. Defendant's prior convictions were both for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 27 months for each conviction with the sentences to run concurrently with each other. The term "felony drug offense means an offense that is punishable by imprisonment for more than one year under any law of the United States . . . ." 21 U.S.C. § 802(44). Accordingly, defendant's prior felonies were properly considered and the sentence imposed was authorized by law. Harris, 369 F.3d at 1168 ("[W]e conclude the evidence presented at the sentencing hearing was more than sufficient to support the district court's findings."). Because the sentence was authorized by law, counsel did not perform deficiently in failing to raise this claim on direct appeal. Thus, defendant has not established cause for his default or prejudice resulting therefrom, and his invalid sentence claim shall be denied as procedurally barred.

---

[2] Defendant was convicted of: conspiracy to possess cocaine with intent to distribute and to distribute cocaine in excess of five kilograms, cocaine base in excess of fifty kilograms, and a quantity of marijuana, and sentencing enhancement; conspiracy to use telecommunication facilities to commit or facilitate acts constituting a felony and sentencing enhancement; conspiracy to establish or maintain a location for the purpose of storing, distributing controlled substances and sentencing enhancement; possession of marijuana with intent to distribute; and interstate travel in aid of racketeering. Dkt. # 84, Judgment.

### III.

Defendant also challenges his conviction and sentence through his claims of ineffective assistance of counsel. Defendant alleges that his counsel was ineffective: at the suppression stage (Grounds 1 and 2); at the sentencing stage (Ground 5); and on appeal (Grounds 3 and 5). Dkt. # 103, at 1b-8b.

Ineffective assistance of counsel claims are governed by Strickland. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. 466 U.S. at 687; Cook, 45 F.3d at 392 (applying the Strickland test for ineffective assistance of counsel to appellate advocacy). Under the Strickland test, a defendant must show that, first, "his trial counsel committed serious errors in light of 'prevailing professional norms' and that [second] there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) (quoting Stickland, 466 U.S. at 688); see United States v. Mora, 293 F.3d 1213, 1217 (10th Cir. 2002).

To establish the first Strickland prong, a defendant must show that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential because there is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.

On August 30, 2002, the Court appointed Michael McGuire to represent defendant. Dkt. # 4. McGuire filed several motions to continue based on the voluminous discovery. Initially,

McGuire sought time to review "thousands of pages of documents" and transcripts of conversations which the government had recorded in authorized wiretaps. See Dkt. # 6. Later, McGuire moved to continue because "[a]t this time counsel . . . and the defendant have been through 600 pages of the discovery together. . . . Defense counsel is reviewing the documents produced with his client Mr. Harris at the David L. Moss Jail . . . ." Dkt. # 11, at 2. McGuire moved to continue a third time, explaining that he had "personally taken to the David L. Moss [Jail] and reviewed with the Defendant Efrem Harris up to 2,550 pages of discovery produced in this case." Dkt. # 14, at 2. McGuire filed motions to suppress and cross-examined the government's witnesses at the suppression hearing. After a jury convicted defendant on three counts, McGuire filed a timely appeal. Dkt. # 85. There is ample evidence that McGuire was both proactive and responsive in his pleadings at the district and appellate levels.[3] Based on the record, it is clear that McGuire performed at or above the level expected from a reasonably competent attorney. Addressing the first prong of the Strickland analysis, the Court finds that defendant has failed to demonstrate that McGuire's performance was constitutionally deficient.

**Suppression Stage**

With regard to alleged errors at the suppression stage (Grounds 1 and 2), defendant accuses McGuire of not clarifying the following facts: (A) Alarcon, not Harrison, was driving the rental car when police pulled over the rental car for speeding; (B) Alarcon and Harrison told Texas police that

---

[3]McGuire filed three motions to continue (Dkts. ## 6, 11, 14), all containing detailed justifications for the requests, two motions to suppress (Dkts. ## 21, 30), a motion in limine (Dkt. # 19), a motion for disclosure (Dkt. # 20), a motion for an evidentiary hearing (Dkt. # 23), a motion to disclose identity of informants (Dkt. # 24), an objection to forfeitures (Dkt. # 34), and a trial brief (Dkt. # 41), in addition to proposed voir dire (Dkt. # 40) and one-hundred and twenty-seven pages of proposed jury instructions (Dkt. # 55).

they were destined for Oklahoma City before changing their story and telling police that they were driving to Tulsa; and (C) defendant was not arrested outside his home but, rather, three to five miles from his home. Dkt. # 103, at 1b-5b. According to defendant, had his attorney clarified these misstatements and omissions, the courts would have found that his arrest and subsequent search warrant were invalid for lack of probable cause.

First, defendant argues that McGuire failed to clarify that Alarcon, not Harrison, was behind the wheel when police pulled over the rental car in Texas. However, defendant admits that the vehicle was rented in his name and that he "was concerned with the benefit of the vehicle he was responsible for." Dkt. # 103, at 5c. Accordingly, the identity of the driver of the rental car is of no consequence to defendant's guilt, as it was shown that he was in constructive possession of the car and marijuana.[4] Thus, McGuire's failure to correct the record on this immaterial matter does not fall "below objective standard of reasonableness." Strickland, 466 U.S. at 688.

Next, defendant argues that it was unreasonable for McGuire not to inform the Court that Harrison and Alarcon were destined for Oklahoma City. However, Harrison and Alarcon were not destined for Oklahoma City. Given their fruitful cooperation with officers following the seizure of marijuana, it is reasonable to infer that Harrison and Alarcon were not being truthful when they initially said that they were destined for Oklahoma City. While inconsistent statements impact the

---

[4] As the Tenth Circuit observed: "The government's evidence overwhelmingly established that defendant had dominion and control over the rental car driven by Harrison. . . . In addition to evidence establishing defendant's dominion and control over the rental car, the government's evidence established that defendant asserted considerable control over the marijuana in the rental car. In particular, the government's evidence established that defendant flew from Tulsa to El Paso on November 5, 1998, personally met with the supplier of the marijuana, and arranged for payment and loading the marijuana into the rental car. Further, after the marijuana was loaded, defendant directed Harrison how to repackage the marijuana to mask or reduce its odor." Harris, 369 F.3d at 1164.

8

credibility of witnesses, Harrison's story implicating defendant in a drug conspiracy was sufficiently corroborated such that the mention of Oklahoma City is inconsequential. McGuire's alleged failure to correct the record on this point was not deficient.

Further, defendant accuses McGuire of being ineffective because McGuire allegedly did not correct a misstatement about the relationship between the site of defendant's arrest and the location of defendant's home. Defendant argues that it is significant that he was arrested in a parking lot several miles from his home rather than in the parking lot of his apartment complex. Defendant is mistaken. The search of defendant's home was not justified as a search incident to arrest but was based on a valid search warrant which "detailed the Tulsa Police Department's multi-year investigation of defendant's drug-related activities . . . ."[5] Harris, 369 F.3d at 1166. Given the irrelevance of the proximity of defendant's home to the site of his arrest, McGuire's failure to correct the record on this matter does not fall "below objective standard of reasonableness." Strickland, 466 U.S. at 688.

In addition, defendant argues that McGuire was ineffective when he failed to successfully challenge the validity of the search warrant for defendant's house. In fact, McGuire did challenge the affidavit supporting the search warrant but the Court concluded that the affidavit provided sufficient probable cause to authorize a search of defendant's house. There is no evidence that McGuire did not zealously advocate to have all evidence suppressed. Based on the thorough filings by McGuire, it is clear that he did not just sit by and allow the government to "boot-strap" facts to

---

[5]The affidavit used to obtain the search warrant states, in pertinent part: "Officers recovered approximately 100 pounds of marijauna [sic] in the trunk. The rental car was in the name of Efrem Harris. Clay Harrison . . . stated that the marijauna [sic] was to go to Efrem Harris in Tulsa Oklahoma." Dkt. # 112, at 6.

the warrant as alleged by defendant. Denial of motions to suppress does not amount to ineffective assistance of counsel. Without relying on the driver's identity, Harrison's stated destination upon encountering police, or the location of the arrest, the Court found "that there was ample basis for probable cause to arrest the defendant"and the information contained in the November 1998 search warrant affidavit was not infirm. Dkt. # 42, at 9, 12. Any failure of counsel to challenge misstatements by the government at the suppression hearing was not so great that counsel's alleged inaction "fell below objective standard of reasonableness." Strickland, 466 U.S. at 688.

**Sentencing Stage**

Defendant challenges the validity of his sentence enhancement by accusing McGuire of being ineffective when he failed to object to the invocation of 21 U.S.C. § 851 at the sentencing stage (Ground 5). Dkt. # 103, at 8b. However, such objection would have been overruled because the government properly complied with section 851's requirement to file an enhancement information. Thus, such failure to object was not ineffective or prejudicial. Reading defendant's pro se section 2255 motion liberally, the Court will consider whether McGuire was ineffective in failing to otherwise object to sentencing factors. According to defendant, McGuire was ineffective for failing to argue that defendant's prior convictions were not "serious drug offenses" as defined under the Three Strikes Statute. 18 U.S.C. § 3559. As discussed in section II, supra, the Three Strikes Statute is inapplicable to defendant's case. McGuire's performance at the sentencing stage was not deficient or prejudicial.

**Appeal**

Defendant alleges that McGuire made the same serious errors on appeal (Grounds 3 and 5) as he did at the suppression and sentencing stages; namely, McGuire failed to correct misstatements

10

about the identity of the driver, the stated destination of the rental car, and the location of defendant's arrest, and he failed to object to the invocation of 21 U.S.C. § 851. Dkt. # 103, at 6b, 8b. Although Alarcon testified that she had been the driver of the rental car, the Tenth Circuit missed this detail and identified Harrison as the driver. See Harris, 369 F.3d at 1163 ("defendant notes that the marijuana was located in the rental car driven by Harrison . . . ."). While defendant seizes upon this misstatement, his attention to detail will not bear fruit because this detail is immaterial. The Tenth Circuit found sufficient evidence to uphold defendant's arrest and the search warrant. Id. at 1166. Accurate information about the driver of the vehicle and location of arrest would not have undermined the incriminating evidence. For reasons stated above, counsel was not ineffective on appeal for allegedly failing to clarify immaterial misstatements or for failing to make a futile objection.

In addition, defendant has completely failed to satisfy the prejudice prong of the Strickland standard. To establish this prong, a defendant must show that his attorney's deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The alleged attorney errors are insignificant and did not prejudice defendant. For instance, whether the rental car was driven by Alarcon rather than Harrison is immaterial as to whether defendant was in constructive possession of the car and drugs. Defendant is mistaken that failing to correct the identity of the driver and their claimed destination prejudiced his trial or appeal. Defendant suggests that had McGuire explained to the Tenth Circuit that defendant lived miles from

11

the site for his arrest the outcome would have been different. The alleged misstatement regarding proximity of defendant's home to the site of his arrest is immaterial. The alleged inconsistencies in the affidavit for the search warrant were minor. Defendant has not identified any serious error by McGuire which would have changed the outcome of the suppression hearing, the trial, the sentencing, or the appeal. Thus, defendant has failed to demonstrate entitlement to relief on any claim asserted in his section 2255 motion.

**IV.**

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 103) is **denied**.

**DATED** this 14th day of June, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT