UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-CR-0088-CVE |
| | ) | (05-CV-0143-CVE-SAJ) |
| EFREM ZEMBLISH HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the Motion for Relief From Order Entered in This Court on September 21, 2006, Brought Pursuant to Components (4), (5), and (6), Respectively, Fed. R. Civ. P. 60(b) (Dkt. # 147). Defendant Efrem Zemblish Harris asks the Court to vacate its Order denying his request for certificate of appealability ("COA") and to construe his present motion as a motion for extension of time to appeal. See id. at 11-12. For the reasons set forth below, the Court finds that defendant's motion should **denied**.

The relevant procedural history begins on June 14, 2006, when the Court determined that defendant failed to demonstrate entitlement to relief on any claim asserted in his 28 U.S.C. § 2255 motion. Dkt. # 122. Defendant then filed a motion under Fed. R. Civ. P. 59(e) to alter or amend this judgment, which the Court denied. See Dkt. # 124; Dkt. # 125. Next, defendant filed a notice of appeal and motion for COA. Dkt. # 127; Dkt. # 128. In its September 21, 2006 Order, the Court declined to issue a COA, Dkt. # 131, and on February 26, 2007, the Tenth Circuit dismissed defendant's untimely appeal for lack of jurisdiction, Dkt. # 134. Six days later, defendant filed a motion for reopening of the time to file an appeal, Dkt. # 135, which the Court also denied as

untimely, Dkt. # 136. Defendant then moved to vacate this denial under Fed. R. Civ. P. 60(b)(1). Dkt. # 137. The Court denied defendant's motion, finding that it merely rehashed arguments previously asserted. Dkt. # 138, at 2. Defendant again appealed the Court's decision. Dkt. # 139. On August 29, 2007, the Tenth Circuit denied defendant's COA request and dismissed his appeal. Dkt. # 146, at 2-3. Defendant now seeks to vacate the Court's September 21, 2006 Order pursuant to Rule 60(b)(4), (5), and (6).

Initially, this Court must determine whether it has jurisdiction to decide this motion. The Court finds that defendant's motion is a "true" Rule 60(b) motion and does not raise new substantive claims. Defendant challenges a defect in the integrity of this Court's proceedings without attacking the reason for the Court's denial of the underlying motion. See Gonzales v. Crosby, 545 U.S. 524, 531-33 (2005) (finding that when a petitioner seeks to advance a substantive claim by filing a Rule 60(b) motion, the motion qualifies as a "second or successive petition"); United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006). Defendant does not seek to raise a new claim here but instead attacks the Court's Order on procedural grounds.

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding because of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances.

. . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) ("The district court has substantial discretion in connection with a Rule 60(b) motion.") (citation omitted).

Here, defendant asserts several arguments. Under Rule 60(b)(4), defendant claims that the judgment is void because this Court lacked jurisdiction, given that defendant's notice of appeal was untimely. See Dkt. # 147, at 1, 7-8. Under Rule 60(b)(5), defendant avers that the Tenth Circuit's dismissal of his initial appeal "ha[d] the force of nullifying the [September 21, 2006] Order/action." Id. at 1. Defendant argues that "he could have filed [a timely] notice of appeal" had the Court either properly interpreted his motion for COA as an implicit motion for extension of time to appeal or properly rejected his notice of appeal as untimely. Id. at 10. Thus, defendant argues, "prospective application of the September 21, 2006 Order (and accompanying action) is, then, inequitable. . . . Equity implores [a modification of the "defunct" Order], and it is only equity pursuant to which [] [defendant]'s request for relief under this particular component of Rule 60(b) is posed." Id. Lastly, under Rule 60(b)(6), defendant argues that the Court should set aside its Order, as his situation qualifies as a "unique circumstance." See Allender v. Raytheon Aircraft Co., 439 F.3d 1236 (2006). Defendant claims that he "was lulled into believing in good faith that his Notice of Appeal was effectual on account of this Court's overt acknowledgment of same (as deduced from, inter alia, its entertainment of the merits of [his] adjoined Motion requesting issuance of a COA)." Dkt. # 147, at 2.

Having reviewed defendant's motion, the Court finds that it should be denied. First, defendant's Rule 60(b)(4) argument is meritless because the judgment (September 21, 2006 Order)

3

is not void. The Court maintained jurisdiction to deny a COA regardless of the timeliness of defendant's notice of appeal. See e.g., 28 U.S.C. § 2253(c) (providing that a defendant must obtain a COA from a court before appealing a final order in a proceeding under 28 U.S.C. § 2255); Fed. R. App. P. 22(b) (stating that a defendant may not "take an appeal" unless he obtains a COA pursuant to 28 U.S.C. § 2253). Second, defendant's Rule 60(b)(5) argument is meritless, as the Tenth Circuit's February 26, 2007 Order dismissing defendant's appeal did not render inequitable the application of this Court's decision denying a COA. The Tenth Circuit made no finding that this Court should have interpreted defendant's motion as an implicit request for an extension of time to appeal. See Dkt. # 134, at 1-2. Moreover, contrary to defendant's contention, this Court had no duty to "seasonably notif[y] [defendant] that the . . . Order . . . was insufficient to validate his Notice of Appeal" under Fed. R. App. P. 4(a). Dkt. # 147, at 11. Third, defendant's Rule 60(b)(6) argument is meritless because the situation surrounding defendant's untimely appeal does not qualify as a "unique circumstance" as set forth in Allender, 439 F.3d at 1241. The unique circumstances test "is a limited one" and applies only when "a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Id. (quoting Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989)) (internal quotation marks omitted). This Court made no "specific assurance" that defendant had properly filed his notice of appeal. The Court's receipt of a notice of appeal and denial of a COA request do not constitute assurances by a judicial officer that an appeal has been timely filed. Otherwise, this limited exception would swallow the general rule — every late appeal could be salvaged by the denial of a COA. Clearly, Allender does not stand for such an expansion. In conclusion, the Court finds that because defendant has not shown that: the

judgment is void; the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or is no longer equitable; or the judgment should be vacated due to any other justifiable reason, the Court's September 21, 2006 Order stands.

**IT IS THEREFORE ORDERED** that Motion for Relief From Order Entered in This Court on September 21, 2006, Brought Pursuant to Components (4), (5), and (6), Respectively, Fed. R. Civ. P. 60(b) (Dkt. # 147) is hereby **denied**.

**DATED** this 3rd day of January, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT