**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 02-CR-0088-CVE |
| ) | (05-CV-0143-CVE) |
| EFREM ZEMBLISH HARRIS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's "Motion to Reopen The Time to Appeal" or to Construe Defendant's September 20, 2006 Late Notice as a Rule 4(a)(6) Motion Under the Federal Rules of Appellant [sic] Procedure (Dkt. # 157). Defendant was convicted, inter alia, of possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute. Dkt. # 56. He received a mandatory life sentence under 21 U.S.C. § 841(a)(b)(1). Dkt. # 84. Defendant filed a direct appeal of his conviction and sentence, and the Tenth Circuit affirmed both his conviction and sentence on June 28, 2004. Dkt. # 94. He filed a motion under 28 U.S.C. § 2255 asking this Court to vacate, set aside or correct his sentence, and the motion was denied on June 14, 2006. See Dkt. ## 122, 123. Defendant filed a motion for relief under Fed. R. Civ. P. 59(e), and the motion was denied on June 28, 2006. Dkt. # 125. Defendant claims that he did not receive notice of the opinion and order denying his Rule 59(e) motion and he sent a letter (Dkt. # 126) to the Court Clerk requesting a status update on his case. The docket sheet reflects that a copy of the opinion and order (Dkt. # 125) was sent to defendant on June 28, 2006 and on September 5, 2006.

Defendant has filed three appeals challenging the Court's denial of his § 2255 motion and other post-judgment motions. The first appeal was filed on September 20, 2006, and defendant challenged the denial of his § 2255 and Rule 59(e) motions. The Tenth Circuit Court of Appeals denied the appeal as untimely, because it was not filed within 60 days of entry of judgment. Dkt. ## 127, 134. On March 21, 2007, defendant filed a motion to reopen his time to appeal the denial of his § 2255 and Rule 59(e) motions (Dkt. # 135), and this Court denied the motion as untimely under Fed. R. App. P. 4(a)(6). Dkt. # 136. Defendant filed his first motion for relief under Fed. R. Civ. P. 60(b) (Dkt. # 137) on March 21, 2007, and the motion was denied on March 29, 2007. Dkt. # 138. In defendant's second appeal (Dkt. # 139), he challenged this Court's denial of his initial Rule 60(b) motion, and the Tenth Circuit affirmed this Court's decision. Dkt. # 146. On July 11, 2008, the Tenth Circuit denied defendant's most recent appeal and determined that defendant was not entitled to a certificate of appealability from the denial of a second Rule 60(b) motion (Dkt. # 147) filed by defendant on December 19, 2007. Dkt. # 156. On March 30, 2009, defendant filed a motion to reopen his time to appeal the denial of his Rule 59(e) motion.

Under Fed. R. App. P. 4(a)(6), a district court may reopen a party's time to appeal for a period of 14 days if three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Defendant argues that the Court Clerk failed to send defendant notice of the Court's June 28, 2006 opinion and order (Dkt. # 125) denying his Rule 59(e) motion and he did not receive notice of that opinion and order until at least September 7, 2006. Dkt. # 157, at 3. He claims that untimely receipt of that opinion and order caused him to file an untimely appeal and he could not obtain appellate review of the denial of his § 2255 or Rule 59(e) motions. Id. at 6. He asks the Court to treat his September 20, 2006 notice of appeal as a timely motion to reopen the time to appeal.

The Court has reviewed defendant's motion and finds his arguments to be meritless. Defendant raised these same arguments to the Court in a previous motion to reopen his time to appeal. Dkt. # 135. The Court found that defendant had not satisfied any of the requirements of Rule 4(a)(6) and his motion to reopen was untimely. Dkt. # 136. In that order, the Court found that, on June 28, 2006, the Court Clerk mailed a copy of the opinion and order denying defendant's Rule 59(e) motion to him at the address listed on the docket sheet and this mail was not returned as undeliverable. Id. at 2; see also Ogden v. San Juan County, 32 F.3d 452 (10th Cir. 1994) (district court did not abuse its discretion under Fed. R. App. P. 4(a)(6) when the subject order was mailed to defendant in a timely manner and not returned as undeliverable). Defendant's request to treat his September 20, 2006 notice of appeal as a motion to reopen his time to appeal is simply an attempt to evade the Court's previous order. Defendant has presented no authority to support his argument that he may seek leave to reopen his time to appeal two and a half years after filing an untimely appeal, nor has defendant shown that the Court has the authority to reopen his time to appeal after

an appeal of the same issue has been dismissed by the appellate court, and his motion (Dkt. # 157) should be denied.[1]

**IT IS THEREFORE ORDERED** that "Motion to Reopen The Time to Appeal" or to Construe Defendant's September 20, 2006 Late Notice as a Rule 4(a)(6) Motion Under the Federal Rules of Appellant [sic] Procedure (Dkt. # 157) is **denied**.

**DATED** this 7th day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Rule 4(a)(6) expressly states that a motion to reopen an appeal must be filed within the earlier of 180 days of entry or 7 days of actual receipt of the order or judgment. Even if the Court were to assume that defendant received the opinion and order denying his Rule 59(e) motion on September 7, 2006 and treat his September 20, 2006 notice of appeal as a motion to reopen the time to appeal, defendant's motion would still be untimely under Rule 4(a)(6) because it was not filed within seven days (excluding weekends and holidays) of his receipt of the opinion and order on September 7, 2006.

4