**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Case No. 02-CR-0088-001-CVE |
| v.  ) | |
| ) | USM Number: 06890-062 |
| EFREM ZEMBLISH HARRIS,  ) | |
| ) | |
| Defendant.  ) | |

**OPINION AND ORDER**

Before the Court is defendant's pro se motion for relief from judgment pursuant to 18 U.S.C. § 3559h(7) [sic] (Dkt. # 168).[1] Defendant requests that he be resentenced based on flawed reliance on prior convictions as predicate offenses for a statutory penalty enhancement.

Defendant was charged with conspiracy in violation of 21 U.S.C. § 846; possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); distribution of in excess of 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); establishment of or maintaining a location to store, manufacture, distribute or use cocaine and or cocaine base in violation of 21 U.S.C. § 856; aiding and abetting in violation of 18 U.S.C. § 2; interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952; and criminal forfeiture in violation of 21 U.S.C. §§ 841, 846 and 853. Prior to a finding or entry of guilt, the government filed an amended information under 21 U.S.C. §§ 841 and 851 alleging that defendant was previously convicted of two felony drug offenses in Northern District of Oklahoma Case Nos. 91-CR-146 and 92-CR-77, thereby providing notice of its intent to

---

[1] It is assumed defendant intended to cite 18 U.S.C. § 3559(c)(7).

enhance the penalty in count one to mandatory life imprisonment (Dkt. # 69). Defendant pled not guilty to all counts in the indictment. On February 13, 2003, a jury returned a verdict of guilty as to conspiracy (count one), possession of marijuana (count two), and interstate travel in aid of a racketeering enterprise (count six). The Court sentenced defendant to mandatory life imprisonment as to count one, 120 months as to count two, and 60 months as to count six (Dkt. # 84).

Section 3559(c)(1) – imprisonment of certain violent felons, the so called "Three Strikes" Statute, provides for mandatory life imprisonment for a person convicted of a serious violent felony who has two prior convictions involving serious violent felonies or a serious violent felony and a serious drug offense. Defendant cites § 3559(c)(7) – resentencing upon overturning of prior conviction, which provides that if a predicate conviction that was a basis for sentencing is found to be unconstitutional or vitiated due to innocence, the person sentenced under the enhancement provisions shall be resentenced to any sentence available absent the enhancement. Defendant argues that two convictions used to enhance his sentence pursuant to § 851(a), Northern District of Oklahoma Case Nos. 91-CR-0146-TRB and 92-CR-077-TRB, resulted from the same investigation, were part of a common scheme and plan, were consolidated for sentencing, and were ordered to be served concurrently. For these reasons, defendant argues the convictions in Case Nos. 91-146 and 92-77 actually constitute a single conviction, thereby disqualifying one of the two required predicate convictions for his penalty enhancement and, pursuant to §3559(c)(7), he is eligible for resentencing to a lesser sentence.

Defendant's motion is without merit and this Court does not have authority to consider the motion. District courts do not have inherent jurisdiction to modify a sentence at any time. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996) (holding that a district court is

authorized to modify defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so). Section 3559(c)(7), on which defendant relies, provides: "If the conviction for a serious violent felony or serious drug offense *that was a basis for sentencing under this subsection* is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a sentence imposed under this subsection shall be resentenced to any sentence that was available at the time of the original sentencing." 18 U.S.C. § 3559(c)(7) (emphasis added). Section 3559(c)(7) provides for resentencing only if one was sentenced "under this subsection." See § 3559(c)(7). Defendant was not sentenced under this subsection, i.e., § 3559(c). Defendant's statutory penalty enhancement was based solely on a 21 U.S.C. § 851(a) enhancement of a 21 U.S.C. § 841(a)(1) conviction, as authorized by § 841(b)(1)(A)(ii) and (iii).[2] Because the prior convictions cited by defendant were brought under Title 21 enhancement provisions, not § 3559(c), and because § 3559(c)(7) provides for resentencing only if one was sentenced "under this subsection," defendant is not entitled to relief under § 3559(c)(7).

**IT IS THEREFORE ORDERED** that defendant's motion for relief from judgment pursuant to 18 U.S.C. § 3559h(7) (Dkt. # 168), is **dismissed for lack of jurisdiction**.

**DATED** this 7th date of May, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In United States v. Harris, 369 F.3d 1157, 1168 (10th Cir. 2004), the Circuit upheld the § 851(a) enhancement and defendant's life sentence in count one, specifically rejecting an argument identical to the one presented here based on § 4A1.2-related cases.

3