# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 02-CR-0088-CVE |
| EFREM ZEMBLISH HARRIS,<br>a/k/a Base, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant's Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Corum Nobis, Corum Vobis, Prohibition, Habeas Corpus, Inherent Authority, Equitable Authority, Ancillary Jurisdiction and/or Injunctive Relief or any Other Relief Pursuant to Title 28 § 1651 "The All Writs Act" and Title 28 § 1361 In Aid of this Court Jurisdiction (Dkt. # 182) and Motion to Take Judicial Notice under F.R.EVID. 201(d) of Facts/Case Law in Regards to Petitioner's Petitoin [sic] for Extraordinary Relief in the Nature of ...... and Requests an Opportunity to Be Heard under F.R.EVID. 201(e) (Dkt. # 183). Defendant claims that the sentencing judge imposed an unauthorized special monetary assessment at the time of defendant's sentencing and, due to this alleged error, and the entire judgment and commitment and any subsequent rulings by this Court and the Tenth Circuit Court of Appeals are void. Dkt. # 182, at 5-6.

On June 6, 2002, the grand jury returned an indictment charging defendant with conspiracy to violate the federal drug laws (count one), possession of marijuana with intent to distribute (count two), two counts of distribution of cocaine base (counts three and four), maintaining a premises for the purpose of manufacturing, storing, and distributing cocaine and cocaine base (count five), and

two counts of traveling in interstate commerce to promote the unlawful distribution of cocaine, cocaine base, and marijuana (counts six and seven). Dkt. # 1. The government filed an enhancement information (Dkt. # 33) stating that defendant had two prior convictions for the distribution of illegal drugs and defendant was subject to increased punishment if convicted of count one, two, three, or four. Defendant exercised his right to a jury trial and was convicted of counts one, two, and six.[1] The sentencing judge sentenced defendant to life imprisonment on count one, 120 months on count two, and 60 months on court six, and imposed a special monetary assessment of $300, or $100 per count. Dkt. # 84. Defendant filed a direct appeal of his conviction and sentence, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and numerous post-conviction motions, and all of defendant's efforts to overturn his criminal convictions or reduce his sentence have been unsuccessful.

In defendant's current motions (Dkt. ## 182, 183), he argues that the sentencing judge lacked the authority to impose a special monetary assessment for each of the three counts for which he was convicted, because he ordered defendant to serve the sentence for each count concurrently rather than consecutively. Dkt. # 182, at 5. Based on this premise, defendant argues that the entire judgment and commitment (Dkt. # 84) is void because defendant was subject to multiple punishments for a single offense in violation of the Double Jeopardy Clause of the Fifth

---

[1] The jury found defendant not guilty of count seven but could not reach a verdict as to counts three, four, and five. Dkt. # 56.

Amendment. Id. at 8-10. He demands his immediate release from prison or asks the Court to set this matter for re-sentencing.[2] Id. at 13-14.

Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable- generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). The writ of audita querela is similar but not identical to the writ of error coram nobis. A writ of error coram nobis is used to "attack a judgment that was infirm [at the time it issued], for reasons that later came

---

[2] Defendant "state[s] for the record that he will not accept the monies paid to the treasury" as relief and it is clear that defendant is seeking release from prison or re-sentencing as relief. Dkt. # 182, at 14.

3

to light," while a writ of audita querela "is used to challenged 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

Defendant argues that his motion is not subject to the requirements of § 2255, because § 2255 does not provide a means to challenge any aspect of his sentence other than the sentence of imprisonment. Dkt. # 182, at 6. While defendant is nominally challenging the special monetary assessment, it is clear that he believes this argument is a gateway to his immediate release from federal custody. To the extent that defendant seeks release from prison, the Court lacks the authority to grant relief under the All Writs Act. Neither a writ of error coram nobis nor a writ of audita querela is the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving. Id. at 1245. Instead, defendant must seek relief under § 2255. Defendant filed a § 2255 motion (Dkt. # 103) asserting numerous claims, and his motion was denied. See Dkt. # 122. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246. Defendant is clearly aware of the jurisdictional requirement for filing a second or successive § 2255, and claims that these restrictions do not apply. Dkt. # 182, at 6-8. However, the fact that defendant does meet the criteria

4

to file a second or successive § 2255 motion does not show that § 2255 is an inadequate remedy. Caravalho, 177 F.3d at 1179 ("the mere fact [that defendant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate"). The title of defendant's motion suggests that he may also be seeking a writ of habeas corpus, although this issue is not addressed in the body of defendant's motion. However, defendant may not rely on 28 U.S.C. § 2241 to challenge the validity of his conviction or sentence, because § 2241 authorizes federal courts to hear challenges to the "execution or administration" of an inmate's sentence. Stanko v. Davis, 617 F.3d 1262, 1267 (10th Cir. 2010). Defendant's exclusive remedy to challenge the validity of his conviction or sentence is a § 2255 motion, and he may not rely on the All Writs Act to avoid the requirements for filing a second or successive § 2255 motion.

Even if the Court could reach the merits of defendant's argument, the sentencing judge did not err by imposing a special monetary assessment for each of the three counts of which defendant was convicted. Defendant claims that the sentencing judge lacked the authority to impose "consecutive" special monetary assessments when sentencing defendant to concurrent terms of imprisonment. Dkt. # 182, at 5. Based on this alleged defect, defendant claims that his entire sentence is unconstitutional and he is entitled to immediate release or resentencing. Defendant's argument concerning the alleged impropriety of multiple special monetary assessments contradicts the plain language of the relevant statute, 18 U.S.C. § 3013, and is not supported by any authority. To the contrary, a district court is required to impose a special monetary assessment for each felony conviction regardless of the concurrent or consecutive nature of the sentences. Cheeks v. Gaetz, 571 F.3d 680, 689 (7th Cir. 2009); United States v. Luongo, 11 F.3d 7, 10 (1st Cir. 1993); United States v. Smith, 857 F.2d 682, 686 (10th Cir. 1988). It also clear that defendant misunderstands the

5

concurrent sentence doctrine discussed in the cases he cites. See Ray v. United States, 481 U.S. 736 (1987). The cases cited by defendant refer to the "concurrent sentence doctrine" under which appellate courts may decline review of multiple convictions if at least one conviction has been upheld on appeal and the sentences for other convictions are concurrent to the sentence for the affirmed conviction. United States v. Dixon, 273 F.3d 636, 642 n.3 (2001). The concurrent sentence doctrine is a matter of appellate review, but it does not alter the validity of the underlying criminal judgment. See Benton v. Maryland, 395 U.S. 784, 791 (1969); Cheeks, 571 F.3d at 689; United States v. McKie, 112 F.3d 626, 628 (3d Cir. 1997). In other words, defendant cannot establish a violation of the Double Jeopardy Clause of the Fifth Amendment based on his argument that multiple special assessments preclude application of the concurrent sentence doctrine.[3] The Court has reviewed the judgment and commitment and finds no error with the imposition of a special monetary assessment as to each conviction.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of

---

[3] Defendant cites United States v. Ogba, 526 F.3d 214 (5th Cir. 2008), for the proposition that concurrent prison sentences for multiple convictions are not treated as concurrent if the district court imposed a special monetary assessment for each conviction. However, defendant fails to note that Ogba involved an actual double jeopardy violation, because a defect in the general verdict form returned by the jury created the possibility that the defendant was subject to multiple punishment for the same offense. Id. at 237-38. Ogba does not stand for the proposition that imposing a special monetary assessment for each count of conviction is prohibited.

6

justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)(noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)). The Court finds that defendant's motions should be dismissed for lack of jurisdiction, because the motions are second or successive § 2255 motions and the interests of justice do not require this Court to transfer defendant's motions to the Tenth Circuit. Defendant does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motions to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that defendant's Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Corum Nobis, Corum Vobis, Prohibition, Habeas Corpus, Inherent Authority, Equitable Authority, Ancillary Jurisdiction and/or Injunctive Relief or any Other Relief Pursuant to Title 28 § 1651 "The All Writs Act" and Title 28 § 1361 In Aid of this Court Jurisdiction (Dkt. # 182) and Motion to Take Judicial Notice under F.R.EVID. 201(d) of Facts/Case Law in Regards to Petitioner's Petitoin [sic] for Extraordinary Relief in the Nature of ...... and Requests an Opportunity to Be Heard under F.R.EVID. 201(e) (Dkt. # 183) should be construed as second or successive § 2255 motions and are **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

7

**DATED** this 10th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT