IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-CR-0088-CVE |
| v. ) | |
| ) | USM Number: 06890-062 |
| EFREM ZEMBLISH HARRIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) (Dkt. # 206). On June 6, 2002, defendant was charged with conspiracy in violation of 21 U.S.C. § 846 (count one); possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (count two); distribution of in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (count three); distribution of in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (count four); establishment of or maintaining a location to store, manufacture, distribute, or use cocaine and or cocaine base in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2 (count five); interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952 (counts six and seven); and criminal forfeiture under 21 U.S.C. §§ 841, 846 and 853. Prior to a finding or entry of guilt, the government filed an amended information alleging that defendant was previously convicted of two felony drug offenses, thereby providing notice of its intent to enhance the penalty in count one to mandatory life imprisonment (Dkt. # 69). Defendant pled not guilty to all counts in the indictment. On February 13, 2003, a jury returned a verdict of guilty as to drug

conspiracy (count one), possession of marijuana with intent to distribute (count two), and interstate travel in aid of a racketeering enterprise (count six). The Court sentenced defendant to mandatory life imprisonment as to count one, 120 months as to count two, and 60 months as to count six (Dkt. # 84). Counts two and six were ordered to run concurrently with count one. On January 19, 2017, President Barack Obama commuted defendant's sentence to a term of 360 months (Dkt. # 205).

Defendant now moves to further reduce his sentence under Amendments 706, 750 and 782 and 18 U.S.C. § 3582(c)(2). Defendant asserts that his life sentence was lifted and he has been sentenced pursuant to the United States Sentencing Guidelines. Further, defendant argues that the Amendments reduce his sentencing range to 151 to 188 months, making him eligible for relief under 18 U.S.C. § 3582(c)(2).

The Court finds that the defendant was not sentenced based on a sentencing range, but a statutorily required mandatory minimum life sentence prescribed by Congress in the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A). As the defendant remains subject to the mandatory statutory minimum regardless of the application of the subsequent Amendments, the Court lacks jurisdiction to reduce defendant's sentence. See United States v. Goodwin, Jr., 635 F. App'x 490, 492 (10th Cir. 2015).[1] Further, the President's commutation of defendant's sentence does not confer eligibility for 18 U.S.C. § 3582(c)(2) relief, nor is the commutation itself a lowering of the sentencing range as required by 18 U.S.C. § 3582(c)(2). See United States v. Buenrostro, No. 2:95-504, 2016 WL 6895445, *2 (E.D. Cal. Nov. 23, 2016). The Court finds that the defendant is not entitled to a reduction because his sentence was not "based on a sentencing range that has

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841.

**IT IS THEREFORE ORDERED** that defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 206), is **dismissed for lack of jurisdiction**.

**DATED** this 7th day of February, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE