# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02-CR-0088-CVE |
| v. ) | |
| ) | USM Number: 06890-062 |
| EFREM ZEMBLISH HARRIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 212). On June 6, 2002, defendant was charged with: conspiracy in violation of 21 U.S.C. § 846 and §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), (b)(1)(D), 843(b), and 856 (count 1); possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (count two); distribution of in excess of 50 grams cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (counts three and four); maintaining a location to store, manufacture, distribute, or use cocaine and cocaine base in violation of 21 U.S.C. § 856 (count five); interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952 (counts six and seven); and criminal forfeiture in violation of 21 U.S.C. §§ 841, 846 and 853 (Dkt. # 2). Prior to a finding or entry of guilt, the government filed an information alleging that defendant was previously convicted of two felony drug offenses, thereby providing notice of its intent to enhance the penalty in count one to mandatory life imprisonment (Dkt. # 33, as amended by Dkt. # 69). Defendant pled not guilty to all counts in the indictment. On February 13, 2003, a jury returned a verdict of guilty as to conspiracy (count one), possession of marijuana (count two), and interstate travel in aid of a racketeering enterprise (count six) (Dkt. # 56). The Court sentenced defendant to mandatory life

imprisonment as to count one, 120 months as to count two, and 60 months as to count six (Dkt. # 84). Counts two and six were ordered to run concurrently with count one. On January 19, 2017, President Barack Obama commuted defendant's sentence to a term of 360 months (Dkt. # 205).

Defendant moves to reduce his sentence under the First Step Act of 2018, which retroactively applies the Fair Sentencing Act of 2010. Defendant asserts that, if he were being sentenced today, the enhancement under 21 U.S.C. § 851 and other enhancements to his base offense level would not be applied since they were not charged in the indictment and proved to a jury beyond a reasonable doubt. The defendant cites Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151 (2013). Further, he asserts that his offense level would be 32. Combined with criminal history score of III, the resulting guideline range would be 151 to 188 months.

To be eligible for a reduction, defendant must have been sentenced "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). The defendant's original sentence was not based on a sentencing range, but a statutorily required minimum prescribed by Congress in the Controlled Substances Act. See Koons v. United States, 138 S. Ct. 1783, 1788 (2018). Likewise, a presidential commutation is not based on a recalculation of the guideline sentencing range nor does it overturn the sentence imposed by the sentencing court. It simply mitigates or sets aside the original punishment. See United States v. Buenrostro, 895 F.3d 1160, 1164 - 1165 (9th Cir. 2018) (citing Nixon v. United States, 506 U.S. 224, 232 (1993)).

Further, in the instant case, the statutory minimum sentence was based on cocaine base and powder cocaine amounts, not strictly cocaine base, which is the only substance contemplated in the Fair Sentencing Act. The amount of powder cocaine the jury found defendant possessed with intent

2

to distribute in count one is 5 kilograms or more; therefore, the statutory minimum remains unchanged at ten years to life, see 18 U.S.C. § 841(b)(1)(A)(ii), and the mandatory life imprisonment remains unchanged, see 18 U.S.C. § 851.

Defendant's argument, that the enhancement under 21 U.S.C. § 851 and other enhancements to his base offense level would not be applied under the current law since they were not charged in the indictment and proven to a jury beyond a reasonable doubt, is incorrect with respect to the finding by the Court of prior convictions pursuant to the government's 21 U.S.C. § 851 information. In the cases cited by the defendant, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum," Apprendi, 530 U.S. at 490, or "increases the mandatory minimum," Alleyne, 133 S.Ct. at 2153, must be submitted to a jury and proved beyond a reasonable doubt. Prior convictions are an exception to the rule, and a court may find "the fact of a prior conviction." See United States v. Torres, 869 F.3d 1089, 1104 (9th Cir. 2017). The defendant's argument as to the increase in the base offense level for possession of a dangerous weapon and adjustment for role in the offense is moot based on the Court's determination that the sentence imposed was not "based on" a sentencing range; it was based on a statutory mandatory minimum.

The Court finds that the defendant is not entitled to a reduction because his sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as required by 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 851.

**IT IS THEREFORE ORDERED** that defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 212) is **denied**.

**IT IS SO ORDERED** this 22nd day of January, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE