# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 02-CR-0088-CVE |
| v. | ) | |
| | ) | USM Number: 06890-062 |
| EFREM ZEMBLISH HARRIS, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's pro se motion for appointment of counsel pursuant to the First Step Act (2018) (Dkt. # 215). The facts of the case are accurately summarized in the Court's previous opinions and orders. See Dkt. ## 207 and 214.

Defendant moves for appointment of counsel for the purpose of properly presenting his case before the Court. He asserts that his mandatory life imprisonment sentence was based primarily upon mandatory minimums that were reduced by the Fair Sentencing Act (2010) and made retroactive by the First Step Act (2018). Defendant specifically requests "appointment of counsel in properly presenting his case before the Court so that it can apply any and all relief due him under the First Step Act."

In the instant case, defendant was found guilty by a jury of count one, conspiring to possess with intent to distribute and to distribute cocaine in excess of five kilograms, cocaine base in excess of fifty grams, and a quantity of marijuana, as well as a sentencing enhancement. See Judgment in a Criminal Case (Dkt. # 84). Prior to a finding or entry of guilt, the government filed an amended information (Dkt. # 69) alleging that defendant was previously convicted of two felony drug offenses, thereby providing notice of the government's intent to enhance the statutory penalty in

count one to mandatory life imprisonment . The Court sentenced defendant to mandatory life imprisonment as to count one, 120 months as to count two, and 60 months as to count six (Dkt. # 84). Counts two and six were ordered to run concurrently with count one. Further, in the instant case, the statutory minimum sentence was based on cocaine base and powder cocaine amounts, not strictly cocaine base, which is the only substance contemplated in the Fair Sentencing Act. The jury found that the amount of powder cocaine charged in count one was more than 5 kilograms (Dkt. # 56); therefore, the statutory minimum remains unchanged at a mandatory term of life imprisonment without release. See 18 U.S.C. §§ 841(b)(1)(A) and 851. The Court finds that defendant's sentence was not based on a mandatory minimum that has been changed by the Fair Sentencing Act (2010) made retroactive by the First Step Act (2018). Further, the Court finds that defendant is not entitled to appointment of counsel for the purpose of bringing a motion for reduction of sentence. See Coronado v. Ward, 517 F.3rd 1108, 1113 (10th Cir. 2008) (concluding there is no constitutional right to counsel beyond the direct appeal of a criminal conviction).

**IT IS THEREFORE ORDERED** that defendant's motion for appointment of counsel and sentence reduction (Dkt. # 215) is **denied**.

**DATED** this 15th day of February, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE