UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 02-CR-0088-CVE |
| EFREM ZEMBLISH HARRIS, a/k/a Base, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Correct Clerical Error pursuant to Fed. R. Crim. P. 36 (Dkt. # 218). Defendant asks the Court to correct clerical errors in the enhancement information (Dkt. # 33) and the amended enhancement information (Dkt. # 69) that were filed pursuant to 21 U.S.C. § 851. Dkt. # 218. It does not appear that defendant is asking the Court to resentence him or vacate his convictions, and the Court will not construe defendant's motion as a second or successive § 2255 motion.[1]

On June 6, 2002, a grand jury returned an indictment charging defendant with conspiracy to violate the federal drug laws (count one), possession of marijuana with intent to distribute (count two), two counts of distribution of cocaine base (counts three and four), maintaining a premises for the purpose of manufacturing, storing, and distributing cocaine and cocaine base (count five), and

---

[1] Defendant is advised that if he is actually seeking to have any charges dismissed or if he is seeking a reduction of his sentence based on an alleged clerical error that he will have to request leave from the Tenth Circuit to proceed with a second or successive 28 U.S.C. § 2255 motion. Defendant's motion would qualify as a second or successive § 2255 motion if he were seeking substantive relief, and the Court would lack jurisdiction over such a motion.

two counts of traveling in interstate commerce to promote the unlawful distribution of cocaine, cocaine base, and marijuana (counts six and seven). Dkt. # 1. Plaintiff filed an enhancement information (Dkt. # 33) stating that defendant had two prior convictions for the distribution of illegal drugs and defendant was subject to increased punishment if convicted of count one, two, three, or four. Defendant exercised his right to a jury trial and was convicted of counts one, two, and six.[2] Plaintiff filed an amended enhancement information (Dkt. # 69) correcting the dates of conviction of defendant's prior offenses and the statutory citations to the offenses charged in the indictment. The sentencing judge sentenced defendant to life imprisonment on count one, 120 months on count two, and 60 months on court six. Dkt. # 84. Defendant filed a direct appeal of his conviction and sentence, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and numerous post-conviction motions, and all of defendant's efforts to overturn his criminal convictions or reduce his sentence have been unsuccessful.

Defendant asks the Court to correct a "clerical error" pursuant to Fed. R. Civ. P. 36, which provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment . . . ." The Tenth Circuit has explained that Rule 36 does not give a district court authority to make substantive changes to a defendant's sentence, but Rule 36 can be used to bring a written order and judgment into conformity with the oral pronouncement of a defendant's sentence. United States v. Blackwell, 81 F.3d 945, 948-49 (10th Cir. 1996); United States v. Sasser, 974 F.2d 1544, 1561 (10th Cir. 1992). "A clerical error must not be one of

---

[2] The jury found defendant not guilty of count seven but could not reach a verdict as to counts three, four, and five. Dkt. # 56.

judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Penson, 526 F.3d 331, 335 (6th Cir. 2008).

Defendant argues that enhancement information contained an incorrect statutory citation and incorrect dates of conviction, and he asks the Court to correct these clerical errors. It is undisputed that there were clerical errors in the original enhancement information (Dkt. # 33). The original enhancement information listed two prior convictions and incorrectly stated that the date of conviction was October 2, 2002 for the prior convictions. Dkt. # 33. The enhancement information also incorrectly stated that defendant was charged with an offense in violation of 21 U.S.C. §§ (b)(1)(iv) and (b)(1)(viii). Id. Plaintiff filed a motion to amend the enhancement information to correct the dates of conviction to October 2, 1992 for both prior convictions. Dkt. # 64. Plaintiff was permitted to file an amended enhancement information correcting the date of conviction, and the amended enhancement information also corrected the statutory citation for the charged offenses to 21 U.S.C. §§ (b)(1)(ii) and (b)(1)(iii). Dkt. # 69. However, the enhancement information still included an unnecessary and incorrect citation to 21 U.S.C. § 841(b)(1)(viii).

Defendant is correct that the original enhancement information contained several errors, but the errors were corrected in the amended enhancement information. The amended enhancement information contains a superfluous reference to 21 U.S.C. § 841(b)(1)(viii), but defendant has not shown that this prejudiced him in any way or that there is any need to correct this error more than sixteen years after the sentencing hearing took place. The purpose of an enhancement information is to "notify the defendant of the government's intention to use a prior offense to enhance his sentence" and to give the defendant an opportunity to challenge the sentencing enhancement. United States v. Balderama-Iribe, 490 F.3d 1199, 1205 (10th Cir. 2007). The amended enhancement

information accurately provided defendant notice about the basis for a sentencing enhancement, and defendant's attorney filed a sentencing memorandum challenging the sentencing enhancement on multiple grounds. Dkt. # 80, at 30-46. The Court finds no reason correct the original or amended enhancement informations, and defendant's motion (Dkt. # 218) should be denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Correct Clerical Error pursuant to Fed. R. Crim. P. 36 (Dkt. # 218) is **denied**.

**DATED** this 24th day of October, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE