# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-CR-0088-CVE |
| | ) | |
| EFREM ZEMBLISH HARRIS, | ) | |
| a/k/a Base, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Sentencing Reduction Pursuant to 3582(c)(1)(B), and Section 404(a) of the First Step Act of 2018 (Dkt. # 222). Defendant argues that he is eligible for a sentencing reduction under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act) based on changes to the United States Sentencing Guidelines applicable to certain drug offenses. However, defendant fails to advise the Court that he has already filed two motions (Dkt. ## 212, 217) seeking the same relief, and those motions were denied. Dkt. ## 214, 217.

On June 6, 2002, a grand jury returned an indictment charging defendant with conspiracy to violate the federal drug laws (count one), possession of marijuana with intent to distribute (count two), two counts of distribution of cocaine base (counts three and four), maintaining a premises for the purpose of manufacturing, storing, and distributing cocaine and cocaine base (count five), and two counts of traveling in interstate commerce to promote the unlawful distribution of cocaine, cocaine base, and marijuana (counts six and seven). Dkt. # 1. Plaintiff filed an enhancement information (Dkt. # 33) stating that defendant had two prior convictions for the distribution of illegal

drugs and defendant was subject to increased punishment if convicted of count one, two, three, or four. Defendant exercised his right to a jury trial and was convicted of counts one, two, and six.[1] The sentencing judge sentenced defendant to life imprisonment on count one, 120 months on count two, and 60 months on count six. Dkt. # 84. Defendant filed a direct appeal of his conviction and sentence, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and numerous post-conviction motions, and all of defendant's efforts to overturn his criminal convictions or reduce his sentence have been unsuccessful.

Most recently, defendant filed a motion for a sentencing reduction under the First Step Act, arguing that he would be entitled to certain guideline reductions if he were re-sentenced under the current version of the sentencing guidelines. Dkt. # 212, at 2. The Court noted that the First Step Act provided federal courts discretionary authority to reduce a defendant's sentence in situations when the defendant's sentencing range has subsequently been lowered, but defendant's sentence was not based on a guideline range. Dkt. # 214. Instead, plaintiff filed an enhancement information and defendant received the statutory mandatory minimum sentence of life imprisonment. Id. at 2. In addition, the statutory mandatory minimum sentence was not based solely on a crime involving cocaine base, and the quantity of cocaine powder found by the jury would be sufficient to impose a life sentence under current sentencing laws. Id. at 3. Defendant filed a second motion for relief under the First Step Act, and that motion was denied for the same reasons. Dkt ## 215, 217.

One of the express limitations on a district court's authority to grant relief under the First Step Act is that a court shall not consider a motion "if a previous motion under this section to reduce

---

[1] The jury found defendant not guilty of count seven but could not reach a verdict as to counts three, four, and five. Dkt. # 56.

the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222. Defendant has filed two previous motions for relief under the First Step Act, and he has been denied relief on the merits. Therefore, the Court cannot consider defendant's motion (Dkt. # 222) and it should be dismissed for lack of jurisdiction. See United States v. Whittaker, 777 F. App'x 938 (10th Cir. July 26, 2019) (remanding to district court with instructions to dismiss for lack of subject matter jurisdiction, rather than dismissal on the merits). Defendant is advised that he is not permitted to file any additional motions for relief under the First Step Act, and any future motions seeking similar relief will also be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Sentencing Reduction Pursuant to 3582(c)(1)(B), and Section 404(a) of the First Step Act of 2018 (Dkt. # 222) is **dismissed for lack of jurisdiction**.

**DATED** this 21st day of February, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE