UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-CR-0088-CVE |
| | ) | |
| EFREM ZEMBLISH HARRIS, | ) | |
| a/k/a Base, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Determine Whether the Court has the Authoritative [sic] to Review Defendant's Previous 18 U.S.C. 3582(c)(1)(B) under § 404(a) of the First Step Act (Dkt. # 231). Defendant argues that he is eligible for a sentencing reduction under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act) based on changes to the United States Sentencing Guidelines applicable to certain drug offenses. Defendant filed two motions (Dkt. ## 212, 217) seeking relief under the First Step Act, and those motions were denied. Dkt. ## 214, 217. Defendant filed a third motion (Dkt. # 222) for a reduction of his sentence under the First Step Act, and the Court dismissed the motion for lack of jurisdiction. Defendant asks the Court to reconsider its most recent ruling dismissing his request for relief under the First Step Act, and he argues that he did not actually seek relief under the First Step Act in his previous filings. Dkt. # 231, at 8.

On June 6, 2002, a grand jury returned an indictment charging defendant with conspiracy to violate the federal drug laws (count one), possession of marijuana with intent to distribute (count two), two counts of distribution of cocaine base (counts three and four), maintaining a premises for

the purpose of manufacturing, storing, and distributing cocaine and cocaine base (count five), and two counts of traveling in interstate commerce to promote the unlawful distribution of cocaine, cocaine base, and marijuana (counts six and seven). Dkt. # 1. Plaintiff filed an enhancement information (Dkt. # 33) stating that defendant had two prior convictions for the distribution of illegal drugs and defendant was subject to increased punishment if convicted of count one, two, three, or four. Defendant exercised his right to a jury trial and was convicted of counts one, two, and six.[1] The sentencing judge sentenced defendant to life imprisonment on count one, 120 months on count two, and 60 months on count six. Dkt. # 84. Defendant filed a direct appeal of his conviction and sentence, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and numerous post-conviction motions, and all of defendant's efforts to overturn his criminal convictions or reduce his sentence have been unsuccessful.

Defendant filed a motion for a sentencing reduction under the First Step Act, arguing that he would be entitled to certain guideline reductions if he were re-sentenced under the current version of the sentencing guidelines. Dkt. # 212, at 2. The Court noted that the First Step Act provided federal courts discretionary authority to reduce a defendant's sentence in situations when the defendant's sentencing range has subsequently been lowered, but defendant's sentence was not based on a guideline range. Dkt. # 214. Instead, plaintiff filed an enhancement information and defendant received the statutory mandatory minimum sentence of life imprisonment. Id. at 2. In addition, the statutory mandatory minimum sentence was not based solely on a crime involving cocaine base, and the quantity of cocaine powder found by the jury would be sufficient to impose a life sentence under

---

[1] The jury found defendant not guilty of count seven but could not reach a verdict as to counts three, four, and five. Dkt. # 56.

current sentencing laws. Id. at 3. Defendant filed a second motion for relief under the First Step Act, and that motion was denied for the same reasons. Dkt. ## 215, 217. Defendant filed a third motion (Dkt. # 222) seeking a sentencing reduction under the First Step Act. The Court dismissed defendant's motion for lack of jurisdiction, because defendant had filed previous motions seeking the same relief and his motions were denied after a complete review on the merits. Dkt. # 223. Defendant appealed this ruling to the Tenth Circuit, and this Court's decision to dismiss defendant's third motion for relief under the First Step Act was affirmed. Dkt. # 229.

Defendant argues that the Court erred by treating his prior motions (Dkt. # 212, 215) as requests for relief under the First Step Act, and he asks the Court to reconsider its decision to dismiss his third motion (Dkt. # 222) seeking a sentencing reduction under the First Step Act. Dkt. # 231. One of the express limitations on a district court's authority to grant relief under the First Step Act is that a court shall not consider a motion "if a previous motion under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222. Defendant filed two motions (Dkt. # 212, 215) for relief under the First Step Act, and he has been denied relief on the merits. The Tenth Circuit considered defendant's argument that this Court erred by dismissing defendant's third motion for relief under the First Step Act. Dkt. # 229. The Tenth Circuit determined that this Court had previously considered the merits of defendant's arguments for relief under the First Step Act, and the Tenth Circuit specifically rejected defendant's argument that this Court failed to completely review the merits of his prior claims for relief. Id. at 3-4. Defendant's motion to reconsider (Dkt. # 231) simply repeats arguments that have already been

3

considered and rejected by this Court and the Tenth Circuit, and the Court finds no basis to reconsider its decision to dismiss defendant's most recent motion for relief under the First Step Act.

**IT IS THEREFORE ORDERED** that defendant's Motion to Determine Whether the Court has the Authoritative [sic] to Review Defendant's Previous 18 U.S.C. 3582(c)(1)(B) under § 404(a) of the First Step Act (Dkt. # 231) is **denied**.

**DATED** this 8th day of January, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE